## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **FRANCES LEAVELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:07-CV-1843-VEH |
| | ) |
| **WASHINGTON GROUP** | ) |
| **INTERNATIONAL, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

**I.    Introduction**

This case is before the court on Defendant's Motion to Dismiss Plaintiff's Complaint for Plaintiff's Failure to Appear at Deposition (Doc. #15) ("Motion to Dismiss") filed on April 14, 2008.  Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure (and as statutorily incorporated by reference therein, Rule 37(b)), Defendant seeks a dismissal of this action, with prejudice and reasonable fees and costs caused by Plaintiff's failure to attend her deposition and appropriately respond to written discovery.  (Doc. #15 at 4-5).  After careful consideration, the court finds that the Motion to Dismiss is due to be granted in part and denied in part.

## II.     Procedural History

Plaintiff initiated this Equal Pay Act case on October 9, 2007. (Doc. #1). On November 8, 2007, Defendant originally noticed the deposition of Plaintiff for December 14, 2007. (Doc. #15 at Ex. A). The deposition scheduled for December 14, 2007, was rescheduled for January 17, 2008, at the request of Plaintiff's counsel. (*Id.* ¶ 2; *id.* at Ex. B). The re-notice was served on December 10, 2007. (*Id.* at Ex. B).

On January 14, 2008, counsel for Defendant sent a letter to counsel for Plaintiff, pointing out that Plaintiff had failed to provide any executed interrogatory responses and noting several other discovery deficiencies. (Doc. #15 at Ex. E). Plaintiff's counsel cancelled the deposition scheduled for January 17, 2008. (*Id.* ¶ 2).

Then on January 22, 2008, counsel for Plaintiff, Gerald L. Miller, moved to withdraw as her attorney. (Doc. #12). As a basis for his Motion to Withdraw, Plaintiff's counsel indicated that he had been unable to contact Plaintiff. (Doc. #12 ¶ 1). On January 22, 2008, this court entered an order on the Motion to Withdraw giving Plaintiff until February 12, 2008, to show cause why it should not be granted. (Doc. #13). The clerk was directed to mail this show cause order to Plaintiff at her last known address. (Doc. #13 at 1). By margin entry dated January 22, 2008, on CM/ECF, the clerk confirmed that the order had been mailed to Plaintiff.

In the absence of any response filed by Plaintiff to the January 22, 2008, show cause order, on February 13, 2008, the court granted the Motion to Withdraw. (Doc. #14). Upon the court's granting of her counsel's Motion to Withdraw, counsel for Defendant sent correspondence directly to Plaintiff at her last known address, re-noticing her deposition for March 20, 2008.[1] (Doc. #15 at Ex. E). A return receipt attached to Defendant's Motion to Dismiss reflects that Plaintiff signed for this letter on February 25, 2008. (*Id.*).

On February 25, 2008, March 3, 2008, and again on March 10, 2008, counsel for Defendant, via certified letter to Plaintiff at her last known address, requested that she appear for her deposition on March 20, 2008, or contact Defendant's counsel if she was unable to attend. (Doc. #15 at Ex. F). Counsel for Defendant further urged Plaintiff to produce her written discovery responses and responsive documents. (*Id.*). It appears that all of these letters were returned to Defendant as unclaimed. (*Id.*).

Plaintiff failed to appear for her deposition as scheduled for March 20, 2008. (Doc. #15 at Ex. G). Plaintiff also never contacted Defendant about rescheduling her deposition. Plaintiff further failed to produce executed interrogatory responses and

---

[1] Defendant further states that it also advised Plaintiff to address her overdue discovery items. (Doc. #15 ¶ 5). However, the referenced letter dated February 14, 2008, does not mention anything to Plaintiff about her discovery responses. (*Id.* at Ex. E).

any objections or documents in response to Defendant's requests for production.

Based upon these deficiencies, Defendant filed its Motion to Dismiss on April 14, 2008. (Doc. #15). Similar to the court's action taken on Plaintiff's counsel's prior Motion to Withdraw, on April 21, 2008, the court entered an order for Plaintiff to show cause no later than May 20, 2008, why her case should not be dismissed with prejudice, including certifying with the court that she had "(1) provided and delivered to Defendant her signed interrogatory responses; (2) provided and delivered to Defendant any documents requested by the Defendant and that she has; and (3) appeared for her deposition at a time and place acceptable to the Defendant." (Doc. #16 at 2-3). Further the court expressly warned Plaintiff "to **TAKE NOTICE**" that if she failed to show cause in the manner so specified, "the court will grant the Defendant's Motion and dismiss this case with prejudice." (*Id.* at 3).

By margin entry, CM/ECF reflects that the clerk mailed a copy of the April 21, 2008 show cause order to Plaintiff on April 21, 2008. Plaintiff never responded to the court's second show cause order and has not otherwise made any contact with the court.

**III.   Analysis**

    **A.   A dismissal of Plaintiff's Complaint is appropriate.**

The Federal Rules of Civil Procedure authorize this court to dismiss an action

4

currently pending in light of a plaintiff's discovery abuses. More specifically, Defendant seeks a dismissal pursuant to Rule 37(d) (Doc. #15 at 1), which states in pertinent part that:

> **(d)** **Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
>
> > **(1)** *In General.*
> >
> > > **(A)** *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
> > >
> > > (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or
> > >
> > > (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>
> . . .
>
> > **(3)** *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure,

> unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(1), (d)(3).

Relatedly, when a party "fails to obey an order to provide or permit discovery," Rule 37(b)(2) authorizes the court to enter such orders as are just, including an order "dismissing the action[.]" Fed. R. Civ. P. Rule 37(b)(2)(A)(v). Additionally, pursuant to Rule 41(b), a defendant may move for the dismissal of an action for the failure of the plaintiff to prosecute or to comply with the Federal Rules of Civil Procedure or with any order of the court.[2] Fed. R. Civ. P. 41(b).

Similarly, case law reinforces that, as a result of Plaintiff's failure to appear for her deposition, to cure her written discovery deficiencies, and respond to the court's show cause order on Defendant's Motion to Dismiss, this court possesses inherent power to dismiss this case. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (holding that judicial power to dismiss arises from court's inherent authority to enforce its orders); *see also Gratton v. Great American Communications*, 178 F.3d

---

[2]Pursuant to Rule 41(b), this dismissal constitutes an adjudication upon the merits. *See* Fed. R. Civ. P. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits."). While the Motion to Dismiss does not specifically mention Rule 41(b), when a defendant seeks a dismissal as a sanction under Rule 37, Rule 41(b) is necessarily implicated because such a dismissal motion is an involuntary one against the plaintiff.

1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."). That power includes the authority to impose sanctions, including dismissal, on uncooperative litigants who commit discovery abuses. *Id.; see also, e.g., Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) ("[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault."). The United States Supreme Court has confirmed that an involuntary dismissal is an appropriate sanction for a plaintiff's flagrant failure to comply with discovery deadlines. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642 (1976) ("[W]e hold that the District Judge did not abuse his discretion in finding bad faith on the part of these respondents, and concluding that the extreme sanction of dismissal was appropriate in this case by reason of respondents' 'flagrant bad faith' and their counsel's 'callous disregard' of their responsibilities.").

    Defendant's Motion to Dismiss is based on Plaintiff's overall pattern of a failure to comply with the discovery rules relating to her deposition and obligations to adequately respond to written discovery and otherwise prosecute her case consistent with the Federal Rules of Civil Procedure. Additionally, Plaintiff has

failed to comply with the court's show cause order on why her case should not be dismissed, including certifying to the court her satisfaction of the specific outstanding discovery items.

In sum, Plaintiff has failed to appear for her deposition, has neglected to adequately respond to Defendant's written discovery requests, has completely ignored the court's show cause order on Defendant's Motion to Dismiss, has not otherwise contacted the court or counsel for Defendant about her lawsuit, has delayed any substantive progress with the litigation for over three (3) full months (as measured by the date on which the court granted her counsel's Motion to Withdraw), and as a result, has foregone her opportunity to further pursue her case. *Phipps*, 8 F.3d at 790-91 ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case.").

Moreover, Plaintiff's repeated and flagrant failures to appear for her deposition and to comply with this court's show cause order make it extremely doubtful that she would respond in any meaningful way to some lesser sanction. Accordingly, this case is due to be dismissed with prejudice based upon Plaintiff's failure to comply with multiple discovery items and court-ordered show cause requirements and more

generally, her overall failure to prosecute this case.

**B.     An award of attorney's fees and costs is not appropriate.**

Defendant further contends that pursuant to Rule 37(d)(3), because Plaintiff neglected to appear for her deposition, Plaintiff ought to pay the reasonable expenses, including attorney's fees, attributable to this failure. (Doc. #15 at 5 § C). The court is persuaded that the dismissal of Plaintiff's case with prejudice is a sufficiently severe sanction, especially under the circumstances of Plaintiff's current pro se status. The court therefore declines, in its discretion, to award Defendant any fees or costs that it has incurred as a result of Plaintiff's failure to attend her deposition or any other Rule 37(d) failings. Accordingly, that portion of Defendant's motion seeking attorney's fees and costs is due to be denied.

**IV.    Conclusion**

Defendant's Motion to Dismiss is due to be granted with respect to the request to dismiss Plaintiff's Complaint with prejudice. Such a dismissal is appropriate pursuant to Rule 37(d), and relatedly Rule 37(b) for multiple reasons including Plaintiff's failure to appear for her deposition, adequately respond to discovery requests, and comply with the court's show cause order requiring her to cure these discovery deficiencies. Because the court is granting a dismissal, Defendant's alternative relief requesting an order compelling Plaintiff to appear for her deposition

and respond to discovery is due to denied as moot.  Further, Defendant's Motion to Dismiss is due to be denied concerning its demand for attorney's fees and costs.  The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 22nd day of May, 2008.

                                         **VIRGINIA EMERSON HOPKINS**
                                         United States District Judge